IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2001 Session

## DAVID BROWN v. RUTH JOHNSON, Commissioner, Tennessee Department of Revenue

### Appeal from the Chancery Court for Coffee County
No. 99-218     John W. Rollins, Judge

---

### No. M2000-02114-COA-R3-CV - Filed September 19, 2001

---

Taxpayer purchased baled straw from farmers which he sold to landscapers, sales tax free. A Notice of Assessment was served on the taxpayer for the sales tax, plus penalty and interest. After payments of these amounts taxpayer filed suit for refund, challenging the assessments. The trial judge found that the sales taxes were properly assessed, but that both interest and penalty should be waived. Both parties appeal. We hold that the taxpayer is liable for the tax together with penalty and interest.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part; Reversed in Part; and Remanded

WILLIAM H. INMAN, SR. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and WILLIAM C. KOCH, JR., J., joined.

Paul G. Summers, Attorney General and Reporter, and Sean D. Clancy, Assistant Attorney General, for the appellant, Ruth Johnson, Commissioner, Tennessee Department of Revenue, State of Tennessee.

Doyle F. Richardson, Tullahoma, Tennessee, for the appellee, David B. Brown.

### OPINION

### I.

The appellee, David B. Brown ("Mr. Brown") purchased hay and straw from farmers which he resold to landscapers, who used the straw and hay in their landscaping business. Mr. Brown did not collect taxes on these sales.

By Notice of Assessment dated November 19, 1996, Mr. Brown was notified that he owed the Department of Revenue $19,814.00 in sales tax, $4,971.00 in penalty and $5,661.10 in interest, for a total of $30,446.10. He paid this amount and thereafter claimed a refund which was denied.

Mr. Brown filed suit for refund in the Chancery Court for Coffee County on May 17, 1999, challenging the assessment on the basis of his interpretation of Tenn. Code Ann. § 67-6-301(c)(1) and Tenn. Comp. Rules and Regs. 1320-5-1-.22(4), which he claimed exempted him from the assessed tax.

The Chancellor found that Mr. Brown was liable for collecting the tax which had been properly assessed against him. The court also found that Mr. Brown should be refunded the penalty and interest included in the assessment, owing to his apparent "confus[ion]" as to the proper meaning of Rule 1320-5-1-.22(4) and the court's determination that it was difficult for Mr. Brown to comply with the relevant rule.

The issues presented for review by the Commissioner of Revenue are whether (1) a court may waive the interest due under Tenn. Code Ann. § 67-1-801(a)(1) on a tax liability, and (2) whether a penalty may be waived for reasons other than those prescribed by Tenn. Code Ann. § 67-1-803(c)(1).

The issue presented for review by the taxpayer, as we perceive it, is whether the sales tax was properly assessed. Our review is *de novo* on the record with a presumption of correctness of factual findings unless the evidence preponderates against the judgment. Rule 13(d) T.R.A.P. There is no presumption of correctness as to questions of law. ***Foley v. St. Thomas Hospital***, 906 S.W.2d 448 (Tenn. Ct. App. 1995)

## II.

It is made clear beyond peradventure by Tenn. Code Ann. § 67-6-201(1) that every person who engages in the business of selling tangible personal property at retail in this state is exercising a taxable privilege, and a tax of six (6%) percent of the sales price of each item or article of tangible personal property sold in this State is levied.

The statutory scheme provides that sales tax will be collected from a consumer by the retailer who sells the taxable item, and that every dealer making sales of tangible personal property for use or other consumption in this State is liable for the sales tax imposed. The term "dealer" includes anyone who sells tangible personal property at retail. There is a "sale at retail" if there is an otherwise taxable sale that is made to a consumer or to any other person for any purposes other than resale. Tenn. Code Ann. § 67-6-201 *et seq.*

Using her legislated powers to make and publish reasonable rules and regulations for the collection of taxes in this State, the Commissioner of Revenue promulgated Tennessee Revenue Rule 1320-5-1-.22. This Rule, whose validity is unchallenged, provides, as relevant here, that when a

*contractor* agrees to landscape an area, the nurseryman or other *contractor shall be deemed* to be the *user* and *consumer* of the nursery stock, fertilizer, seed and *any* other *tangible personal property*, and *shall be liable for tax on the purchase price* or fair market value of the tangible personal property used in connection with his contract. [Emphasis added].

The predicate for this Rule is to be found in the fact that since landscaping is not a taxable service under Tenn. Code Ann. § 67-6-102(24)(F), it was necessary to ensure that taxes are paid on all of the tangible personal property used in the landscaping business.

Taxpayer alleges that he and his accountant relied on Tennessee Code Annotated Section 67-6-301(c)(1), which provides:

Each and every agricultural commodity sold by any person other than a producer, to any other person, who purchases not for direct consumption but for the purpose of acquiring raw products for use or for sale in the process of preparing, finishing, or manufacturing such agricultural commodity for the ultimate consumer trade shall be and is exempt from any and all provisions of this chapter, including payment of the tax applicable to the sale, storage, use, transfer, or any other utilization or handling thereof, except when such agricultural commodity is actually sold as a marketable or finished product to the ultimate consumer, and in no case shall more than one (1) tax be exacted.

The taxpayer's reliance on this Section is misplaced, since the exception does not apply if the agricultural commodity is sold to the ultimate consumers, here, the landscapers. We agree with the Chancellor that the taxpayer is liable for the tax.

### III.

Tenn. Code Ann. § 67-1-801(a)(1) provides in pertinent part:

When any person liable to pay any tax that is collected or administered by the commissioner of revenue fails to pay the same, or any portion thereof, on or before the date when such tax shall be *required* to be paid, *interest shall be added to the amount of tax due* . . . [Emphasis added].

Tenn. Code Ann. § 67-1-801(a)(2) further provides that all "delinquent or deficient payments of taxes either administered or collected by the commissioner shall accrue interest from the date delinquent or deficient until paid."

There is no statutory authority which allows the Commissioner of Revenue to refund statutory interest in tax cases, and no case law permitting the Commissioner to make such a refund. Imposition of interest is mandatory and non-waivable, and the trial court erred in waiving the assessed interest.

## IV.

Tenn. Code Ann. § 67-1-803 authorizes the Commissioner to waive any statutory penalty imposed under the revenue laws administered by her, under specified circumstances. She argues that the trial court erred in the standard it used in ordering a waiver in this case. The grounds for which a penalty may be waived under Tenn. Code Ann. § 67-1-803(c)(1) are:

A) The taxpayer incurred the deficiency as a result of having been misled by erroneous advice or action, which was not clearly in contravention of the law, upon the part of officials charged with the enforcement of this state's tax statutes;

B) The taxpayer incurred the deficiency as a result of legal misadvice, which was not clearly in contravention of the law, from an ostensibly competent and financially independent lawyer or accountant;

C) The provisions of the pertinent law or regulation were at the time the deficiency was incurred unsettled, unclear, and misleading to a reasonable person and the tax payer acted in good faith upon a reasonable though mistaken application of such law or regulation, with the result that the tax deficiency in question was incurred;

D) The deficiency resulted from reliance by the taxpayer upon factual (but not legal) misrepresentations made by person with whom the taxpayer dealt in the course of the taxpayer's business, other than the taxpayer's own agents or employees, the taxpayer having no reason to doubt or question such misrepresentations; or

E) The deficiency resulted from a mistake of fact on the part of the taxpayer who thereafter voluntarily and without any kind of demand upon the part of the officials charged with the enforcement of the law tenders the amount of the deficiency, plus accrued interest thereon.

A taxpayer may also escape penalty if the taxpayer has "done everything the taxpayer could reasonably be expected to do as an ordinarily intelligent and reasonably prudent business person and which clearly negates either a willful disregard of the law or gross negligence." Tenn. Code Ann. § 67-1-803(c)(2).

We agree with the Commissioner that the trial court's determination that waiver was appropriate was not based upon any of the statutory grounds; rather it was based upon the alleged confusion of Mr. Brown as to the meaning of the Tenn. Rev. Rule 1320-5-1-.22. Tenn. Code Ann. § 67-1-803(c)(1)(C) permits a waiver if a statute or rule is "unsettled, unclear, and misleading to a reasonable person" and if the taxpayer "acted in good faith upon a reasonable though mistaken application of such law or regulation." We note that the trial court did not find that the Rule itself was unclear, but merely the Mr. Brown was confused as to its meaning.

Mere confusion on the part of the taxpayer, in the absence of some language in the Rule itself that is "unsettled, unclear and misleading " is insufficient to justify the waiver of a penalty. In *James v. Huddleston*, 795 S.W.2d 661, 664 (Tenn. 1990), the Tennessee Supreme Court specifically held that, "failures to make correct returns due to errors, oversights, and honest mistakes are not grounds for equitable relief from penalties." The Rule contains no arcane language and does not engender confusion. Mr. Brown's asserted confusion is not within the ambit of the Rule.

The judgment is affirmed as to the denial of a refund. The judgment is reversed as to the ordered refund of penalty and interest. The case is remanded for consideration of costs, attorney fees and litigation expenses as authorized by Tenn. Code Ann. § 67-1-1803(d). Court costs are assessed to Mr. Brown.

_____
WILLIAM H. INMAN, SENIOR JUDGE